**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ABATEMENT ORDER

Appellate case name:          In the Interest of S.H., a Child

Appellate case number:       01-22-00255-CV

Trial court case number:     2020-02030J

Trial court:                 313th District Court of Harris County

Appellant, father, has filed a notice of appeal of the trial court's order terminating his parental rights to his child, S.H. Appellant's court-appointed counsel on appeal has filed a motion to withdraw from representing appellant and an *Anders* brief in which she concludes that "[b]ased on [her] professional evaluation of the record, . . . there are no arguable grounds for appeal and that [appellant's] appeal is wholly frivolous." *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re A.M.*, 495 S.W.3d 573, 582 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

When we receive an *Anders* brief from an appellant's appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *In re C.S.*, No. 01-16-00152-CV, 2016 WL 4408980, at *1 (Tex. App.—Houston [1st Dist.] Aug. 16, 2016, pet. denied) (mem. op.). If we determine that arguable grounds for appeal exist, we abate the appeal and remand the case to the trial court to allow the appointed attorney to withdraw and for the trial court to appoint another attorney to present all arguable grounds for appeal. *In re C.S.*, 2016 WL 4408980, at *1 (citing *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005)); *see also In re Schulman*, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008) (stating arguable ground for appeal is one that could "conceivably persuade the court").

Here, we have reviewed the appellate record and appointed counsel's *Anders* brief and conclude that the appeal warrants further development by new appellate counsel on the following arguable grounds for appeal: whether the evidence is legally and factually insufficient to support the trial court's finding that termination of appellant's parental rights was in the best interest of S.H.[1] *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *see also Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) ("After an attorney files a proper *Anders* brief (which should be filed with a request for withdrawal from the case) . . . , the Court of Appeals . . . must conduct its own

---

[1] New appellate counsel is not prevented from briefing any other arguable grounds for appeal.

investigation of the record to discover if there are arguable grounds. If grounds are deemed arguable, the Court of Appeals then must abate the appeal and remand the case to the trial court with orders to appoint other counsel to present those and any other grounds that might support the appeal."). Accordingly, we abate the appeal and remand the case to the trial court with instructions to appoint new counsel to represent appellant on appeal and have a supplemental clerk's record containing that appointment filed in this appeal with the Clerk of this Court **no later than 10 days from the date of this order**.

**Counsel's appellant's brief will be due 20 days from the date that counsel is appointed.** *See* TEX. R. APP. P. 28.4 ("Accelerated Appeals in Parental Termination and Child Protection Cases"), 38.6(a). Because this is a termination case, this Court is required to bring this appeal to final disposition within 180 days of April 4, 2022, the date the notice of appeal was filed in this proceeding, so far as reasonably possible. *See* TEX. R. JUD. ADMIN. 6.2, reprinted in TEX. GOV'T. CODE ANN., tit. 2, subtit. F app. **Accordingly, no extensions of time will be granted absent extraordinary circumstances.** *See* TEX. R. APP. P. 38.6(d). Counsel who agrees to handle this appeal should do so only if he or she can satisfy the briefing deadlines.

The appeal is abated, treated as a closed case, and removed from this Court's active docket.

It is so ORDERED.

Judge's signature: _____/s/ Julie Countiss_____
                                Acting for the Court

Panel consists of: Justices Goodman, Countiss, and Farris.

Goodman, J., dissenting without opinion.


Date: ___August 25, 2022_____

2